**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **RACHELE CELLA RICHARDSON, ET AL.** | * | **CIVIL ACTION** |
| | * | |
| **versus** | * | **No. 12-1771** |
| | * | |
| **GEORGE A. CELLA, III, ET AL.** | * | **SECTION "L" (3)** |

**ORDER AND REASONS**

Before the Court is Defendant George A. Cella, III's Motion to Dismiss for Failure

to State a Claim.  (R. Doc. 8).  The Court, after hearing oral arguments by counsel and after

reviewing the submitted memoranda and applicable law, now issues this Order and Reasons.

**I. BACKGROUND**

This case alleges civil violations of the Racketeer Influenced and Corrupt

Organizations Act ("RICO"), 18 U.S.C. §§ 1961-68, arising out of several loans issued by

Defendant New York Life Insurance Company ("New York Life") to Defendant George A.

Cella, III under New York Life Policy # 45907359 (the "Policy").  According to their Complaint,

Plaintiffs Rachele Cella Richardson and Brandy Cella, George Cella's adult daughters, own the

Policy, which insures George's life.[1]  Rachele is the sole beneficiary.

In their Complaint, Plaintiffs allege that George Cella sought and obtained loans

under the Policy beginning in 2006.  Plaintiffs allege that George Cella, on several occasions,

filled out a New York Life policy loan request form, supplying Rachele's tax identification

number and signing Rachele's and Brandy's names without their knowledge or authorization.

---

[1]The Defendant notes that George's ex-wife, Joy, is also a listed owner of the Policy.

Plaintiffs further allege that George submitted the forms via facsimile or other wire transmission.

Plaintiffs allege that George acted as an officer of two entities, Horizon Security Vault Complex, Inc. ("Horizon") and A. Levet Properties Partnership ("ALPP").  ALPP owns and leases retail space located at 4545 and 4531 Veterans Memorial Boulevard in Metairie, Louisiana, and paid premiums under the Policy.  Horizon operates a business at 4545 Veterans Memorial Boulevard.  Plaintiffs allege that George used Horizon's "resources, employees, facilities . . . equipment [and] letterhead" in completing the loan request forms.

According to the Complaint, George received checks payable to Rachele and Brandy at Horizon's place of business, again signed Rachele's and Brandy's names without their knowledge or authorization when endorsing the checks, and deposited the checks in his personal checking account.  Plaintiffs allege that these loans have devalued the Policy and thereby caused them damages.  Plaintiffs assert causes of action under RICO, specifically 18 U.S.C. § 1962(a), (b), and (c).  Plaintiffs seek treble damages pursuant to RICO Section 1964(c), in addition to attorney fees.

Plaintiffs further allege that George's actions violated Louisiana law.  Plaintiffs allege that George is liable for fraud, unjust enrichment, intentional infliction of emotional distress, negligent infliction of emotional distress, and conversion.  Finally, Plaintiffs allege that New York life is liable for negligence and for breach of contract as a result of its disbursement of the loan funds.

## II. PENDING MOTION

Defendant George A. Cella, III filed the instant Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(7).  (R. Doc. 8).  George asserts that

Plaintiffs were aware of and participated in all activities relating to the Policy.

George argues first that Plaintiffs lack standing under Title 18, United States Code Section 1962(a), because they have not alleged an injury resulting from the investment of racketeering income that is separate from the injury caused by the predicate acts themselves, as the case law requires.  Similarly, George argues that Plaintiffs lack standing under Section 1962(b) because they have not alleged a separate injury caused by George's acquisition or control of an interest in a RICO enterprise.

George argues that the Plaintiffs' Section 1962(c) claims fail for several reasons. First, George argues that the Plaintiffs have not adequately pled the "enterprise" element of a Section 1962(c) claim for three reasons: first, George cannot be both the defendant "person" and the "enterprise"; second, the relationship between George, ALPP, Horizon, and New York Life cannot constitute an "association in fact" enterprise because Plaintiffs do not allege that these entities share an overarching structure or function as a unit; and third, the Plaintiffs allege only the incidental use of resources to commit predicate acts--more specifically, the sending and receiving of faxes and mail correspondence and the endorsing of checks using Horizon's pens, mailbox, and fax machine.  George also argues that Plaintiffs have not adequately pled the "pattern of racketeering" element of Section 1962(c) because they do not allege a risk of expanded future criminal activity and additional victims.

George argues further that Plaintiffs' RICO claims are based on predicate allegations of mail and wire fraud, and that therefore their Complaint is subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b), namely that "the circumstances constituting fraud . . . shall be stated with particularity."  George also argues that Plaintiffs have

failed to allege a sufficient effect on interstate commerce, and that the RICO claims are time-barred.  Finally, George argues that the RICO claims should be dismissed for failure to join Priscilla Cella.

With regard to the state-law claims, George argues that this Court should decline to exercise its supplemental jurisdiction.  George further argues that various aspects of these claims are time-barred, inadequately pled, or without basis in Louisiana law.

Plaintiffs' oppose George's Motion.  (R. Doc. 16).  Plaintiffs argue that George stole the Plaintiffs' identities, and that he is therefore responsible under Sections 1962(a) and 1962(b).  As to Section 1962(c), Plaintiffs argue that George is the defendant "person" whereas the "enterprise" consists of the relationship between George, ALPP, Horizon, and New York Life, which constitutes an "association in fact" enterprise based on their Complaint.  Plaintiffs further argue that their Complaint sufficiently alleges the use of "resources" as predicate acts.  Finally, Plaintiffs argue that they have adequately alleged the "pattern of racketeering" element of Section 1962(c) because the alleged scheme involved several independent fraudulent acts occurring over a period of time.  As to the time-bar, Plaintiffs argue that they discovered the scheme in March of 2012, and that each injury in a pattern has a separate accrual date.  As to the failure to join Priscilla Cella, Plaintiffs argue that she is not an indispensable party because no evidence suggests that George ever used Priscilla's name to obtain loans against the policy, and because only Rachele and Brandy are the current owners of the policy.  The Plaintiffs further argue that their state-law claims are sufficiently pled and not time-barred.

**III. LAW AND ANALYSIS**

     **A. Standard of review**

     The Federal Rules of Civil Procedure permit a defendant to seek dismissal of a complaint based on the "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A district court must construe facts in the light most favorable to the nonmoving party, as a motion to dismiss under 12(b)(6) "is viewed with disfavor and is rarely granted." *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011), as revised (Dec. 16, 2011) (quotation marks and citation omitted). Dismissal is appropriate only if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To satisfy this standard, the complaint must provide more than conclusions, but it "need not contain detailed factual allegations." *Colony Ins. Co. v. Peachtree Constr., Ltd.*, 647 F.3d 248, 252 (5th Cir. 2011). Yet, it must allege enough facts to move the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Determining whether the plausibility standard has been met is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009).

     **B. Applicable law and analysis**

     RICO provides that:

       (a) It shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity or through collection of an unlawful debt in which such person has participated as a principal within the meaning of section 2, title 18, United States Code, to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce. . . .

(b) It shall be unlawful for any person through a pattern of racketeering activity or through collection of an unlawful debt to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.

(c) It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

(d) It shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section.

18 U.S.C. § 1962.

"Reduced to their simplest terms, these subsections state that:

(a) a person who has received income from a pattern of racketeering activity cannot invest that income in an enterprise;

(b) a person cannot acquire or maintain an interest in an enterprise through a pattern of racketeering activity;

(c) a person who is employed by or associated with an enterprise cannot conduct the affairs of the enterprise through a pattern of racketeering activity; and

(d) a person cannot conspire to violate subsections (a), (b), or (c)."

*Crowe v. Henry*, 43 F.3d 198, 203 (5th Cir.1995). "To state a RICO claim under § 1962, there must be: (1) a person who engages in (2) a pattern of racketeering activity (3) connected to the acquisition, establishment, conduct, or control of an enterprise." *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 439 (5th Cir. 2000). Assuming these three elements are met, the court may then continue to the substantive requirements of each subsection of § 1962. *Id.*

"A RICO person is the defendant, while a RICO enterprise can be either a legal entity or an association-in-fact." *Id.* at 440 (citing *Crowe v. Henry*, 43 F.3d 198, 204 (5th Cir. 1995)). "If the alleged enterprise is an association-in-fact, the plaintiff must show evidence of an ongoing organization, formal or informal, that functions as a continuing unit over time though a hierarchical or consensual decision-making structure." *St. Paul Mercury*, 224 F.3d at 440-41

(citing *Elliot v. Foufas*, 867 F.2d 977, 881 (5th Cir. 1989)).  "A pattern of racketeering activity

requires two or more predicate acts and a demonstration that the racketeering predicates are

related and amount to or pose a threat of continued criminal activity."  *St. Paul Mercury*, 224

F.3d at 441 (citing *Word of Faith World Outreach Ctr. Church, Inc. v. Sawyer*, 90 F.3d 118, 122

(5th Cir. 1996)).

### 1. 1962(a)

George argues that Plaintiffs have failed to allege that he "received income from a

pattern of racketeering activity" and invested that income in an "enterprise" within the meaning

of Section 1962(a) of RICO.  Section 1962(a) allows a plaintiff to recover damages suffered as a

result of the use or investment of income gained through a pattern of racketeering activity, but

does not permit a plaintiff to recover damages suffered as a result of the racketeering activity

itself.  As the Fifth Circuit stated in *Parker & Parsley Petroleum Co. v. Dresser Industrs.*, 972

F.2d 580 (5th Cir.1992):

> "As all but one of the circuits that have considered the issue have held, the
> causal language of Section 1964(c) requires that the compensable injury stem
> from the violation of the RICO section in question, so any injury under Section
> 1962(a) must flow from the use or investment of racketeering income.
> [Plaintiff's] injury does not stem from the investment of the income from
> racketeering activity; therefore, it has pleaded no cause of action under Section
> 1962(a), and the district court properly dismissed the RICO claims."

*Parker & Parsley*, 972 F.2d at 584.  In holding that a Section 1962(a) claim is not cognizable

unless the plaintiff alleges that it suffered some injury as a result of the investment of

racketeering income rather than as a result of the racketeering activity itself, the Fifth Circuit

joined the majority of circuits that have addressed the issue.  Here, Plaintiffs allege that George

violated Section 1962(a) because "some of [the] income was used in acquiring an interest in or

operating the enterprise."  However, Plaintiffs allege damage only as a result of the devaluation

of the policy.  Plaintiffs have not alleged any damage stemming from the investment of the

income of racketeering activity, but only damage from the racketeering activity itself.  As a

result, Plaintiffs have failed to state a claim under Section 1962(a), and the Court must dismiss

this claim.

### 2. 1962(b)

George further argues that Plaintiffs have failed adequately to allege that he acquired

or maintained an interest in an "enterprise through a pattern of racketeering activity" within the

meaning of Section 1962(b) of RICO.  In order to recover under Section 1962(b), a plaintiff must

present evidence that he suffered injuries as a result of a defendant's acquisition or maintenance

of an interest in or control of an enterprise through a pattern of racketeering activity.  As in a

claim under Section 1962(a), damages suffered as a result of the pattern of racketeering activity

itself do not suffice.  In paragraph 38 of their Complaint, Plaintiffs allege that George, "through

a pattern of racketeering activity, acquired or maintained an interest in, or controlled the alleged

enterprise."  This recitation of the element of a Section 1962(b) cannot satisfy the *Twombly*

standard in light of the fact that the Complaint does not allege any damage to Plaintiffs resulting

from George's alleged maintenance of an interest in the enterprise that is separate from the

alleged racketeering activity itself.  *See Twombly*, 550 U.S. at 570.  Accordingly, Plaintiffs have

failed to state a claim under Section 1962(b), and the Court must dismiss this claim.

### 3. 1962(c)

George argues that Plaintiffs have failed to allege that a RICO "person" existed that

was separate and distinct from the RICO "enterprise" for purposes of establishing a violation of

Section 1962(c) of RICO.  Unlike Sections 1962(a) & 1962(b), Section 1962(c) requires a relationship between the RICO "person" and the "enterprise."  Therefore, courts have held that for purposes of a claim brought pursuant to Section 1962(c), the RICO "person" must be separate and distinct from the RICO "enterprise."  For example, in *Old Time Enters. v. International Coffee Corp.*, 862 F.2d 1213 (5th Cir. 1989), the Fifth Circuit stated:

> The violator of section 1962(c) who commits the pattern of predicate racketeering acts must be distinct from the enterprise whose affairs are thereby conducted. When the alleged section 1962(c) violator is a legal entity, such as a corporation, this required separation is not established merely by showing that the corporation, through its employees, officers, and/or directors, committed a pattern of predicate acts in the conduct of its own business.  Nor does the fact that individual officers and employees of a corporation, in the course of their employment associate together and commit in the conduct of the corporation's business a pattern of predicate acts in its name and on its behalf, suffice to constitute such officers and employees (alone or together with the corporation itself) an association in fact enterprise distinct from the corporation.

*Old Time Enters.*, 862 F.2d at 1217 .  Here, Plaintiffs allege that George's use of certain employees, resources, and facilities of companies under his control enabled him to obtain the loans.  George points to several decisions in which the incidental use of fax machines, telephones, and the like have been found insufficient.  However, in the context of a Motion seeking dismissal, the Court must accept the Plaintiffs' allegations as pled.  Should discovery reveal that the use of these resources amounted to no more than stamps and stationery, further Motion practice may become necessary.  However, the Court finds that the Plaintiffs have stated a claim under Section 1962(c) and will therefore deny the Defendant's Motion on this claim.

### 4. Fraud

Plaintiffs allege that George is liable for fraud under Louisiana law.  The Complaint

employs language very similar to that found in Article 1953 of the Louisiana Civil Code.[2]

However, the Court notes that Article 1953 is found in Title IV, dealing with obligations, and in

Chapter IV, dealing with vices of consent and grounds for rescission.  The Comments to the

1984 Revision include references to quasi-delictual fault which "suffices to constitute the kind of

fraud that vitiates a party's consent."  La. Civ. Code Ann. art. 1953, Revision Comment (c).  The

Complaint does not indicate what contract, if any, Plaintiffs seek to rescind on the basis of an

alleged vice of consent.

In their opposition memorandum, Plaintiffs cite Article 1953 and add a citation to

Article 1997, which describes the liability of a bad-faith obligor based on his failure to perform.

Plaintiffs also cite *Priority E.M.S. v. Crescent City E.M.S.*, 2001-2171 (La. App. 4 Cir.

10/16/02), 829 So. 2d 1066, writ denied, 2002-3111 (La. 2/21/03), 837 So. 2d 632, for the

proposition that fraud in the performance of a contract, as opposed to fraud in the inducement,

also entitles a plaintiff to damages.  In *Priority E.M.S.*, the Court of Appeal of Louisiana for the

Fourth Circuit upheld as not clearly erroneous a trial court's award of compensatory damages on

a claim for fraud and breach of contract.  2001-2171, p. 16-18, 829 So. 2d at 1075-77.  The trial

court found that a minority shareholder became liable for compensatory damages when he and

his wife elected each other as corporate officers and issued thousands of shares of stock in order

to turn the majority shareholders' 60% stake into a stake worth less than 1%.  The Court of

---

[2]The Complaint cites Article 1913 in an apparent typographical error.  Paragraph 50 of
the Complaint ("Specifically, Mr. Cella engaged in misrepresentations and/or suppression of the
truth with the intent to either obtain an unjust advantage for himself and to cause a loss or
inconvenience to the Plaintiffs.") represents a near-quotation of Article 1953: "Fraud is a
misrepresentation or a suppression of the truth made with the intention either to obtain an unjust
advantage for one party or to cause a loss or inconvenience to the other.  Fraud may also result
from silence or inaction."  La. Civ. Code Ann. art. 1953.

Appeal affirmed the trial court's conclusion that the fraud occurred in the performance of the contract rather than as an inducement to the contract. In other words, both the trial and reviewing courts determined that the parties entered into the contract freely and without any intent to defraud, and that the scheme to squeeze out the majority shareholders came later. The Court of Appeal concluded that Article 1997 applied and that the award of compensatory damages was proper.

The Court agrees with Plaintiffs to the extent that they contend that damages are available under Article 1997 in the event an obligor fails to perform in bad faith, whether that failure is described as "fraud" or simply as bad-faith breach of contract. However, the Court finds that Article 1997 cannot apply to the Plaintiffs' allegations because there is no allegation of any contract among the parties that the Plaintiffs could seek to rescind or, for that matter, for breach of which they could seek damages. Plaintiffs do not seek to rescind the Policy, nor do they allege that George Cella breached the Policy. Accordingly, Plaintiffs have failed to state a claim for contractual fraud under Louisiana law and the Court must grant Defendant's Motion as to this claim.

### 5. Remaining claims

The Court notes that the Plaintiff's remaining claims require the resolution of factual issues. As a result, they are not ripe for summary dismissal.

## IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendant George A. Cella, III's

Motion to Dismiss for Failure to State a Claim (R. Doc. 8) is hereby **GRANTED IN PART AND DENIED IN PART** as follows: Plaintiffs' claims pursuant to subsections 1962(a) and 1962(b) of RICO and Plaintiffs' Louisiana fraud claim are hereby **DISMISSED** with prejudice; Plaintiffs' remaining claims survive.

New Orleans, Louisiana, this 23rd day of August, 2013.

UNITED STATES DISTRICT JUDGE